UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RESIDENT ARTIST STUDIO, LLC.<br><br>Plaintiff,<br><br>v.<br><br>AMERICA'S BEST, INC.<br><br>Defendant. | Civil Action No. 1:11-CV-11560-RWZ<br><br>Judge Rya W. Zobel<br><br><br>STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION |

COME NOW the parties, Resident Artist Studio, LLC. ("RAS" or "Plaintiff") and America's Best, Inc. ("Best" or "Defendant"), by and through undersigned counsel, and announce to the Court that the matters in controversy between them have been resolved to their mutual satisfaction and that they consent to the entry of this Stipulated Judgment and Order for Permanent Injunction as follows:

On September 6, 2011, RAS filed a Complaint in this Court against Best alleging Patent Infringement in violation of 35 U.S.C. 271 (b).

In lieu of continuing litigation, the parties (RAS and Best) now jointly offer the following Stipulated Judgment and Order for Permanent Injunction (herein "Permanent Injunction" or "Order"). The parties consent to the entry of this Permanent Injunction as a final judgment in this action. Upon the joint motion of Plaintiff and Defendant, the Court makes the following findings and enters final judgment in this action as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and over the parties hereto, at least by virtue of their consent.

2. Venue in this District is proper.

3. Defendant has entered into this Order freely and without coercion and after consulting with its independent counsel. Defendant acknowledges that it has read and understands the provisions of this Order and is prepared to abide by them.

4. Each party waives all rights to seek appellate review or otherwise to challenge or contest the validity of this Order.

5. This Order is being stipulated and agreed-to by the parties pursuant to a confidential settlement agreement entered between them relating to this litigation. This Order is in addition to, and not in lieu of, any other remedies as may be available to either party, at law or in equity, should the other party breach that settlement agreement.

6. The Court has been advised that entry of this Order is a condition precedent to the aforementioned settlement agreement becoming effective.

## DEFINITIONS

1. The Patent shall mean the '477 Patent for pinhole aperture products, as well as any related products, services or businesses, including any products or services for aids for the eye involving a pinhole in sighting any object, including but not limited to products sold by Best under the trade name "clear2target" (hereinafter the "Products").

## ORDER

### I. INJUNCTION AGAINST MAKING AND SELLING PRODUCTS

IT IS THEREFORE ORDERED that Defendant, America's Best, Inc., and all of its officers, directors, employees and agents, together with all other entities and persons in privity or acting in concert with them, directly or indirectly, whether separately or in concert with any third party, are hereby:

    a)     ENJOINED from making and or selling any and all Products which when used infringe the method claimed in the Patent, and any advertising or promotion of the Products, including as a search-engine keyword in a manner to make or sell Products

claimed in the Patent, including without limitation in website content, metatags, source cone and Internet sponsored ads (purchased from search engines) in connection with the promotion, advertising, making, or sale, of any products or services for the Products, including but not limited to Products made and sold under the trade name clear2target.

    b)    ORDERED, if it has not already done so, within ten (10) calendar days after the date of this Order to contact all third-party vendors and contractors, including but not limited to amazon.com, and Google (AdWords), and any vendors who have taken any Products of Best to trade shows, and instruct them to not sell or advertise any and all such products including as a search-engine keyword in a manner to make or sell Products claimed in the Patent, including without limitation in website content, metatags, source cone and Internet sponsored ads (purchased from search engines) in connection with the promotion, advertising, making, or sale, of any products or services for the Products, including but not limited to advertising or selling any Products sold under the trade name clear2target.

    c)    ORDERED, if it has not already done so, within ten (10) calendar days after the date of this Order to destroy (or in the case of electronically-stored information, permanently and irretrievably delete) Products including but not limited to Products sold under the trade name clear2target, all images, descriptions, printed material, stationery, business forms, signs, advertisements, brochures, promotional material, manuals, pamphlets, labels, packages, containers, and all other materials relating to Products.

    d)    ORDERED not to knowingly acquire in the future any items or information within the scope of paragraph I(c) above.

## II. RETENTION OF JURISDICTION; FEES AND COSTS; CONFLICTS WITH AGREEMENT

IT IS FURTHER ORDERED THAT:

    a)    this Court shall retain jurisdiction over the parties and this matter for purposes of construction, modification and enforcement of this Order;

b) each party shall bear its own costs and attorneys' fees incurred in connection with this litigation and the negotiation and entry of, as well as compliance with, this Order; and

c) in the event of any conflict between this Order and the parties' confidential settlement agreement pertaining to this matter, this Order shall control.

### III. COMPLETE SETTLEMENT

The parties consent to and move this Court for entry of this Order, which shall constitute a final judgment and order in this matter. The parties further stipulate and agree that, together with their confidential settlement agreement relating to this litigation, this Order shall constitute a full and final resolution of all matters of dispute in the present litigation.

Respectfully Submitted,

| FOR THE PLAINTIFF | FOR THE DEFENDANT |
|---|---|
| /s/ Thomas C. O'Konski | /s/ Patrick J. Dolan |
| Thomas C. O'Konski, Esq. | Patrick J. Dolan, Esq. |
| BBO No. 378,265 | BBO No. 564,250 |
| Cesari and McKenna, LLC | Perry, Krumsiek & Jack, LLP |
| 88 Black Falcon Avenue | 101 Arch Street, 19th Floor, Boston, MA |
| Boston, MA 02210 | Boston, MA 02110 |
| Phone 617-951-2500 | Phone: 617-720-4300 |
| Fax. 617-951-3927 | Fax. 617-720-4310 |
| Date: November 16, 2011 | Date: November 16, 2011 |

SO ORDERED, this 18th day of November, 2011.

Rya W. Zobel
United States District Court Judge